# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTINA Y. FLORES,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:20-cv-00888-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES<br><br>ORDER DIRECTING THE CLERK OF THE COURT TO ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>(ECF No. 2)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Christina Y. Flores ("Plaintiff") filed a complaint in this action seeking review of the final decision of the Commissioner of Social Security denying disability benefits. (ECF No. 1.) Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 3.) However, Plaintiff's application does not demonstrate that she is entitled to proceed in this action without prepayment of fees.

In order to proceed in court without prepayment of the filing fee, Plaintiff must submit an affidavit demonstrating that she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The right to proceed without prepayment of fees in a civil case is a privilege and not a right. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 n.2 (1993); Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of *in forma pauperis* status does not violate the applicant's right to due process"). A plaintiff need not be absolutely

1  destitute to proceed *in forma pauperis* and the application is sufficient if it states that due to her
2  poverty she is unable to pay the costs and still be able to provide herself and her dependents with
3  the necessities of life.  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948).
4  Whether to grant or deny an application to proceed without prepayment of fees is an exercise of
5  the district court's discretion.  Escobedo v. Applebees, 787 F.3d 1226, 1236 (9th Cir. 2015).

6       Plaintiff states that she has received $32,000.00 in monthly income during the past twelve
7  months.  She also receives $2,400.00 in retirement benefits, but puts her total monthly income at
8  $2,800.00.  Over the past year, Plaintiff's husband received $1,920.00 in child support and
9  $400.00 in retirement benefits for a total of $2,320.00 in monthly income.  For the next month,
10 Plaintiff asserts that she will be receiving $1,400.00 for employment, but does not list any of the
11 additional monthly income that has been received by herself or her spouse during the prior year
12 nor has she indicated why the retirement benefits or child support will not be received.  There are
13 no other persons that rely on Plaintiff for their support.

14      In assessing whether a certain income level meets the poverty threshold under Section
15 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department
16 of Health and Human Services.  See, e.g., Paco v. Myers, No. CIV. 13-00701 ACK, 2013 WL
17 6843057 (D. Haw. Dec. 26, 2013); Lint v. City of Boise, No. CV09-72-S-EJL, 2009 WL
18 1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein).

19      Based on the application provided, Plaintiff is not entitled to proceed without prepayment
20 of fees in this action  The 2020 Poverty Guidelines for the 48 contiguous states for a household
21 of two is $17,240.00.  2020 Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last
22 visited June 26, 2020).  Assuming that Plaintiff erred when stating that she receives $32,000.00
23 per month, the application submitted demonstrates that the family income is over $61,000.00 per
24 year (Plaintiff's monthly income of $2,800.00 and her spouse's monthly income of $2,320.00)
25 which is well above the poverty level for a family of two ($17, 240.00).

26      Further, Plaintiff lists her and her spouse's expenses, but she has listed renters insurance
27 of $675, which would not be a monthly expense.  Without the renters insurance, Plaintiff's
28 monthly expenses are $929.00 and she and her spouse split the expenses other than the utilities

1  and renters insurance which Plaintiff claims to pay on her own. Assuming that the renters
2  insurance is yearly, this would be $56.25 per month, and if biyearly it would calculate to $112.50
3  per month. Therefore, it would appear that Plaintiff's current income, even if only $2,400.00
4  provides her with the excess funds to pay the $400.00 filing fee in this action. Even assuming
5  that Plaintiff is only receiving $1,400.00 next month, the current application demonstrates that
6  this is less than her monthly expenses of $985.25 or $1,041.50 and she has the ability to pay the
7  filing fee in this action.

8        Based on the current application, the court finds that Plaintiff has the ability to pay the filing fee in this action without being deprived of the necessities of life and is not entitled to proceed without prepayment of fees in this action. Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed without prepayment of fees be denied and Plaintiff be ordered to pay the $400.00 filing fee in this action.

13        The Clerk of the Court is HEREBY DIRECTED to randomly assign this action to a district judge.

15        This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 26, 2020**

                              UNITED STATES MAGISTRATE JUDGE