# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTINA Y. FLORES,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No. 1:20-cv-00888-SAB<br><br>ORDER GRANTING COUNSEL'S UNOPPOSED MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF No. 21) |

**I.**

**INTRODUCTION**

Monica Perales of the Law Offices of Lawrence D. Rohlfing, Inc., CPC ("Counsel"), attorney for Cristina Y. Flores ("Plaintiff"), filed the instant motion for attorney fees on December 14, 2022. (Mot. Att'y Fees ("Mot."), ECF No. 21.) Counsel requests fees in the gross amount of $8,500.00 pursuant to 42 U.S.C. § 406(b), with an offset of $1,000 for fees previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). Plaintiff was served with the motion and advised that any opposition to the motion was to be filed within fourteen days. (Mot. 2; ECF No. 21 at 24.) Plaintiff did not file an opposition to the motion, nor did Defendant. For the reasons discussed herein, Counsel's unopposed motion for attorney fees shall be granted.

///

## II.

## BACKGROUND

On June 23, 2020, Plaintiff filed this action challenging the denial of social security benefits. (ECF No. 1.) On February 25, 2021, pursuant to the parties' stipulation, this action was closed and remanded for further consideration. (ECF Nos. 16, 17.) Judgment was entered in favor of Plaintiff. (ECF No. 18.) On May 12, 2021, the Court entered a stipulation under the EAJA in the amount of $1,000. (ECF No. 20.) Following remand, a favorable decision was issued awarding approximately $44,962.12 in benefits to Plaintiff. (Mot. 6.)

## III.

## LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The payment of such award comes directly from the claimant's benefits. 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009) (quoting Gisbrecht, 535 U.S. at 793). The twenty-five percent maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. Gisbrecht, 535 U.S. at 808–09 ("§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements"). Agreements seeking fees in excess of twenty-five percent of the past-due benefits awarded are not enforceable. Gisbrecht, 535 U.S. at 807. The attorney has the burden of demonstrating that the fees requested are reasonable. Gisbrecht, 535 U.S. at 807 n.17; Crawford,

2

586 F.3d at 1148.

While the Supreme Court in <u>Gisbrecht</u> did not expressly "provide a definitive list of factors that should be considered in determining whether a fee is reasonable or how those factors should be weighed, the Court directed the lower courts to consider the 'character of the representation and the results the representative achieved.' "  <u>Crawford</u>, 586 F.3d at 1151 (quoting <u>Gisbrecht</u>, 535 U.S. at 808).  The Ninth Circuit has stated a court may weigh the following factors under <u>Gisbrecht</u> in determining whether the fee was reasonable: (1) the standard of performance of the attorney in representing the claimant; (2) whether the attorney exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of past-due benefits; and (3) whether the requested fees are excessively large in relation to the benefits achieved when taking into consideration the risk assumed in these cases.  <u>Crawford</u>, 586 F.3d at 1151-52.

Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA.  <u>Gisbrecht</u>, 535 U.S. at 796; <u>Parrish v. Comm'r of Soc. Sec. Admin.</u>, 698 F.3d 1215, 1219 (9th Cir. 2012) (noting "the EAJA savings provision requires an attorney who receives a fee award under § 2412(d) of the EAJA in addition to a fee award under § 406(b) for the 'same work' to refund to the Social Security claimant the smaller award.").

## IV.

## DISCUSSION

The Court has conducted an independent check to insure the reasonableness of the requested fees in relation to this action.  <u>Gisbrecht</u>, 535 U.S. at 807.  Here, the fee agreement between Plaintiff and Counsel provides that: "If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is **a separate 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court.**"  (ECF No. 21-1 at 1 (emphasis in original).)  Plaintiff has been awarded retroactive benefits in the amount of $44,962.12.  (<u>See</u> Mot. 6; Decl. Monica Perales ("Perales Decl.") ¶ 4, ECF No. 21 at 21; Ex. 3, ECF No. 25-7.)  Counsel proffers it is thus only seeking less than 21% of past due benefits in the amount of $8,500.

1    Consideration of the factors set forth in Gisbrecht and Crawford warrants no reduction of
2 the fee Counsel seeks. There is no indication that a reduction of fees is warranted for
3 substandard performance. Counsel is an experienced, competent attorney who secured a
4 successful result for Plaintiff. There is no indication that Counsel was responsible for any delay
5 in the court proceedings. Counsel was successful in obtaining a stipulation for remand.

6    Plaintiff agreed to a twenty-five percent (25%) fee at the outset of the representation, and
7 in reflecting the standard withholding by the Agency, the Court finds the fee is not excessively
8 large in relation to the retroactive award of $44,962.12. In making this determination, the Court
9 recognizes the contingent nature of this case and the risk that counsel took of going
10 uncompensated. Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

11    In Crawford the Ninth Circuit found that fees of $519, $875, and $902 per hour, for time
12 of both attorneys and paralegals, was not excessive. Crawford, 486 F.3d at 1153 (Clifton, J.,
13 concurring in part). Further, since Gisbrecht, courts note that reducing a fee request should not
14 be routinely done and find fee awards of an effective hourly rate much higher than this to be
15 reasonable. Williams v. Berryhill, No. EDCV 15-919-KK, 2018 WL 6333695, at *2 (C.D. Cal.
16 Nov. 13, 2018) (awarding fee request that provides an effective hourly rate of $1,553.36 per
17 hour); Coles v. Berryhill, No. EDCV 14-1488-KK, 2018 WL 3104502, at *3 (C.D. Cal. June 21,
18 2018) (effective hourly rate of $1,431.94 reasonable under the circumstances); Palos v. Colvin,
19 No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (fees sought
20 translate to $1,546.39 per hour for attorney and paralegal services); see also Villa v. Astrue, No.
21 CIVS-06-0846 GGH, 2010 WL 118454, at *1, n.1 (E.D. Cal. Jan. 7, 2010) ("In practice, the
22 more efficient counsel is in court, the higher will be the hourly fee amount represented in a § 406
23 fee award.").

24    Counsel did not expend significant time in this matter, proffering a total of 5.8 hours total
25 hours, encompassing 3.0 hours of attorney billing and 2.8 hours of paralegal time. (Perales Decl.
26 ¶ 5; ECF No. 21-4 at 1.) This equates to $1,465.51 per hour for combined paralegal and attorney
27 billing. This is in line with the above cases. Therefore, given the above caselaw and
28 contingency nature of this action, the lack of any filed opposition, and given counsel is seeking

4

less than 25%, the Court finds that the requested fees are reasonable, and the representation of the claimant resulted in the action being remanded for further proceedings and ultimately, substantial benefits were awarded.

The award of Section 406(b) fees is offset by any prior award of attorney fees granted under the EAJA. 28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796. In this instance, Petitioner has previously been awarded $1,000 in EAJA fees and the award of fees under Section 406(b) shall be offset in that amount.

## V.

## CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the fees sought by Counsel pursuant to Section 406(b) are reasonable. Accordingly, IT IS HEREBY ORDERED that:

1. Counsel's motion for an award of attorney fees pursuant to Section 406(b) in the amount of $8,500.00, (ECF No. 21), is GRANTED;

2. The Court authorizes payment to the Law Offices of Lawrence D. Rohlfing, Inc., CPC, in the amount of $8,500.00 representing attorney fees being withheld from Plaintiff's past due disability benefits; and

3. Upon receipt of this sum, Counsel shall remit $1,000.00 directly to Plaintiff as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412.

IT IS SO ORDERED.

Dated: **January 20, 2023**

UNITED STATES MAGISTRATE JUDGE